Slip Op. 07 - 71

UNITED STATES COURT OF INTERNATIONAL TRADE

- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,              :

                Plaintiff, :

      v.                               :   Court No. 06-00009

JACKPINE FOREST PRODUCTS LTD.,         :

                Defendant. :

- - - - - - - - - - - - - - - - - - X

<u>Memorandum & Order</u>

[Motion to admit foreign attorney
 on behalf of the defendant denied.]

Dated:  May 11, 2007

    <u>Peter D. Keisler</u>, Assistant Attorney General; <u>Jeanne E. Davidson</u>, Director, <u>Patricia M. McCarthy</u>, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (<u>Gregg M. Schwind</u>), for the plaintiff.

    Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP (<u>Ned H. Marshak</u> and <u>Joseph M. Spraragen</u>) for the defendant.

        AQUILINO, Senior Judge:  Experienced members of the Bar of this Court of International Trade have duly filed a notice of appearance and an answer on behalf of the defendant, which admits that it is a Canadian corporation with offices in British Columbia but denies that it entered, or caused to be entered, into the United States softwood lumber by means of material and false acts,

Court No. 06-00009                                                        Page 2

statements and/or omissions in violation of 19 U.S.C. §§ 1401a, 1481, 1484, 1485, and 1592, as alleged in the complaint filed herein by the U.S. government.

Come now those Bar members with an application styled as Consent Motion to Admit Palbinder K. Shergill "for the limited purpose of participating as counsel to defendant in the instant action":

> Palbinder K. Shergill is a highly qualified Canadian lawyer. Ms. Shergill was called to the bar of British Columbia in 1991 and regularly appears before the trial and appellate courts of that province as well as before the Federal Courts of Canada. Defendant is a long-standing client of Ms. Shergill's and wishes to avail itself of her counsel in preparing its defense in this action.

The motion is made pursuant to USCIT Rule 74(c), which governs the admission of foreign attorneys, in part, as follows:

> An attorney, barrister, or advocate who is qualified to practice at the bar of the court of any foreign state which extends a like privilege to members of the bar of this court may be specially admitted for purposes limited to a particular action. . . . In the case of such an applicant, the oath shall not be required and there shall be no fee. Such admission shall be granted only on motion of a member of the bar of this court.

On its face, the linchpin of this provision is reciprocity. The sum and substance of defendant's instant motion is that

> British Columbia meets the standard of a foreign state which "extends a like privilege to members of the bar of this court." Foreign attorneys, such as those who are members of the bar of this Court, may apply to the Law Society of British Columbia to act as "practitioners of foreign law."

But it offers no support for this representation, perhaps due to the reported consent of plaintiff's counsel. Such acquiescence, however, does not make requested relief automatically lawful[1]. Hence, the undersigned has been required to consult <u>Foreign Legal Consultants in Canada</u>, a publication of the Federation of Law Societies of Canada (April 2000), page 7 of which sets forth restrictions and limitations on any foreign lawyer in British Columbia or other Canadian jurisdiction. Moreover, the website of the Law Society of British Columbia, itself, states, among other things, that "a practitioner of foreign law is not permitted to appear as counsel on behalf of a client before any British Columbia or federal court or administrative tribunal". http://www.lawsociety.bc.ca/licensing_membership/practitioners_ foreign_law.html.

---

[1] The court notes in passing, for example, that, while certain U.S. legislation, <u>e.g.</u>, the Foreign Sovereign Immunities Act of 1976, Pub. L. No. 94-583, §1603(a), 90 Stat. 2891, 2892, defines "foreign state" to include an agency or instrumentality of that state, the Customs Courts Act of 1980 does not do so, thereby leaving that term in USCIT Rule 74(c) to traditional interpretation, namely, a political entity that has been formally recognized by the U.S. government as an independent foreign sovereign. <u>Cf</u>. <u>JP Morgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd</u>., 536 U.S. 88 (2002); Wright, Miller & Cooper, Federal Practice & Procedure §3604, p. 391 (1984).

      If this actually means what it seems to say, then the reciprocity contemplated by USCIT Rule 74(c), <u>supra</u>, does not exist, and defendant's motion to admit Palbinder K. Shergill as its counsel must be, and hereby is, denied.[2]

      So ordered.

Dated:  New York, New York
       May 11, 2007

                                             /s/ Thomas J. Aquilino, Jr.
                                                 Senior Judge

---

[2] If the court's perception of Canada's approach is off the mark, the defendant may have until May 18, 2007 to provide proof to that effect.

## NOTICE OF ENTRY AND SERVICE

      This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

      Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

      or

      Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

      Tina Potuto Kimble
      Clerk of the Court

Date: _____    By: _____
                                                                  Deputy Clerk